UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KEVIN W. SWEAT,                          )
                                         )
              Petitioner,                )
                                         )
       v.                                )       No. 2:23-cv-00291-JPH-MJD
                                         )
STATE OF INDIANA,                        )
                                         )
              Respondent.                )

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Kevin W. Sweat pled guilty in an Indiana state court to charges of child molesting, child seduction, and incest. Mr. Sweat now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that his trial counsel failed to advise him of the consequences of being designated a credit restricted felon and that the state trial court abused its discretion when it denied his motion to withdraw his guilty plea. For the reasons explained below, Mr. Sweat's petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

## I.
## Background

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). In 2018, the State charged Mr. Sweat with 13 felony offenses relating to the molestations of C.S. and R.S. *Sweat v. State*, 2020 WL 2609930, *1 (Ind. Ct. App. May 22, 2020) ("*Sweat I*") (in the

1

record at dkt. 11-6). The Indiana Court of Appeals summarized the relevant facts

related to Mr. Sweat's eventual guilty plea and guilty plea hearing:

> In September of 2019, Sweat entered into a plea agreement with the State. Pursuant to that agreement, Sweat agreed to plead guilty in the two cause numbers to child molesting, as a Class A felony; child molesting, as a Class C felony; sexual misconduct with a minor, as a Level 4 felony; child seduction, as a Level 5 felony; and incest, as a Class B felony. The State agreed to dismiss the remaining charges. The agreement further provided that, while the sentences in the two different cause numbers would run consecutively, the aggregate total sentence imposed by the court "shall be forty to seventy (40-70) years."

> Prior to establishing a factual basis for his guilty plea at his ensuing change-of-plea hearing, Sweat and his attorney engaged in the following conversation:

>> [Attorney]: The State (inaudible) and so (inaudible) is not going to be day for day because it's credit restricted. (Inaudible) but because (inaudible) it's a mistake on my part that I had failed to tell you (inaudible).

>> [Sweat]: So what's that mean?

>> [Attorney]: So, what that means, is we talked about how the A felony you'll get, you would get credit for day for day. It won't be day for day. It's gonna be at a slower rate because it's a Credit Restricted Felony because of the statute. And so, it's not gonna be the day for day, it's gonna be at a slower rate. I still think we go forward with it but—

>> [Sweat]: Is that gonna be a longer time?

>> [Attorney]: No, I mean the length …. everything else will stay the same, the Plea Agreement will stay the same, it's just, you remember me talking about credit time, and you earn credit time? The time (inaudible) in which you earn credit time, in that, on that A Felony, will be slower than day for day, and not day for day. Do you understand what I'm saying?

[Sweat]: I think so. It sounds like I'll get more time.

[Attorney]: (Inaudible) right and so that the time with it which you earn credit time will be at a slower rate than day for day.

[Sweat]: Okay.

[Attorney]: Okay. Do you still want to go forward?

[Sweat]: Yeah.

[Attorney]: Okay.

Sweat then established a factual basis for his guilty plea. The court found that Sweat had entered into the plea agreement knowingly, "freely[,] and voluntarily"; accepted the plea agreement; entered its judgment of conviction; and set the matter for a sentencing hearing.

*Id.*

Mr. Sweat then tried to withdraw his guilty plea because he was not advised that he would be a credit restricted felon. DA App. Vol. II, dkt. 10-2 at 54. He alleged that he accepted the plea because he relied on trial counsel's representation that he could be eligible for release from incarceration in 10 years, so the rate at which he could earn credit time was material to his decision to plead guilty. *Id.* at 55. At the evidentiary hearing on his motion, Mr. Sweat testified that counsel said he would probably receive a sentence between 40 and 46 years, and that at least half of it would be served on probation. Trial Tr. Vol. II, dkt. 10-6 at 30. Mr. Sweat alleged that he would not have pled guilty if he had known the actual rate at which he would accrue credit time. *Id.* at 32. The trial court denied his motion, finding that Mr. Sweat was advised that he would be a credit restricted felon and that he would earn credit time at a slower rate before

3

he pled guilty, and Mr. Sweat said that he wanted to continue with the plea even after learning that information. Dkt. 10-2 at 58–59.

On direct appeal, Mr. Sweat alleged that the trial court abused its discretion by denying his motion to withdraw his guilty plea. Dkt. 11-4 at 11–14. The Indiana Court of Appeals denied his claims, finding that "Sweat pleaded guilty knowing that his credit time was going to be some measure slower than one-for-one, and he was not so concerned about the precise rate of accrual that he wanted to inquire further before continuing with his plea agreement." *Sweat I*, 2020 WL 2609930 at *3. He raised the same claim in a petition to transfer to the Indiana Supreme Court, dkt. 11-7 at 6–8, which was denied on August 18, 2020. Dkt. 11-3 at 3.

On March 4, 2021, Mr. Sweat filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel because his counsel failed to advise him of the consequences and possible penalties of pleading guilty, specifically regarding credit time. PCR Appx. Vol. II, dkt. 10-9 at 75-76. Mr. Sweat acknowledged at the post-conviction hearing that without a plea agreement he faced a total aggregate sentence of 212½ years. PCR Tr. Vol. II, dkt. 10-11 at 18. He testified that he was presented with a plea agreement 30 to 60 minutes before the hearing. *Id.* at 14. He knew that the plea agreement called for a total sentence between 40 and 70 years, but he believed that he would only be serving 10 years of actual time in the Indiana Department of Correction after speaking with his counsel. *Id.* at 15, 21.

In an affidavit, trial counsel acknowledged that he had not advised

4

Mr. Sweat of the consequence of being a credit restricted felon. Dkt. 10-9 at 97. Instead, counsel advised him that he would earn day for day credit time. *Id.* Counsel also believed that it was best for Mr. Sweat to plead guilty based on the strength of the State's evidence, which included text messages between Mr. Sweat and one of his victims, a recording of a conversation between Mr. Sweat and his other victim, and the expected testimony of the victims based on the police reports and other interviews. *Id.* at 100. Counsel also stated that he did not make a guarantee to Mr. Sweat about the length of his sentence other than the range of penalties described in the plea agreement. *Id.* The post-conviction court denied relief, finding that counsel was not ineffective and that Mr. Sweat's claim could have otherwise been disposed of as barred by issue preclusion, a branch of res judicata. Dkt. 10-9 at 92-94.

On appeal, Mr. Sweat alleged that the post-conviction court erred in finding that his claim was barred by res judicata and by finding that counsel was not ineffective Dkt. 11-10 at 10–11. The Indiana Court of Appeals concluded that "Sweat presented nothing but previously determined issues, his effort to redesignate and repackage it as ineffective assistance of [t]rial [c]ounsel claim is barred by *res judicata.*" *Sweat v. State*, 2022 WL 17971971, *5 (Ind. Ct. App. December 28, 2022) ("*Sweat II*") (in the record at dkt. 11-12). The state court also considered his ineffective assistance of counsel claim and determined that he did not establish that he would not have pled guilty but for counsel's misadvice. *Id.* at *6-7. The court pointed out that before Mr. Sweat pleaded guilty, counsel clarified with him that he would be a credit restricted felon and would earn credit

5

time at a slower rate, and Mr. Sweat agreed to continue with his guilty plea. *Id.* at \*7. The court also noted that the guilty plea reduced Mr. Sweat's total sentencing exposure from 212½ years to 70 years. *Id.* Mr. Sweat raised the same claims in his petition to transfer, dkt. 11-13 at 2, which was denied on March 16, 2023, dkt. 11-9 at 4.

Mr. Sweat filed a petition for a writ of habeas corpus on June 13, 2023. Dkt. 1. He alleges that his trial counsel was ineffective for failing to advise him that he would be a credit-restricted felon or the consequences of that designation. Dkt. 1 at 6. He also raises a related claim that the state court abused its discretion when it denied his motion to withdraw his guilty plea. *Id.* at 8.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the Court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). "The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law." *Id.* (citation and quotation marks omitted).

6

A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302. "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual— why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit

precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). "Procedural default may be excused where the petitioner demonstrates either (1) cause for the default and actual prejudice or (2) that failure to consider the claims will result in a fundamental miscarriage of justice." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (cleaned up).

## III.
## Discussion

### A. Ineffective Assistance of Trial Counsel

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When reviewing the denial of Mr. Sweat's ineffective assistance of counsel claim, the Indiana Court of Appeals relied on *Segura v. State*, 749 N.E.2d 496 (Ind. 2001), for the relevant standard in the context of a guilty plea when the petitioner alleges that his counsel gave him incorrect legal advice regarding the penal consequences of his plea:

> Our Supreme Court held in *Segura* that in order to state a claim for post-conviction relief under this subcategory, a petitioner may not simply allege that he or she would not have entered into a guilty plea, nor is the petitioner's conclusory testimony to that effect sufficient to prove prejudice. Rather, the petitioner must "establish, by objective facts, circumstances that support the conclusion that [trial] counsel's errors in advice as to penal consequences were material to the decision to plead. In so doing, the petitioner "must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea." In undertaking this analysis, we focus upon whether the petitioner proffered specific facts indicating that a reasonable defendant would have rejected the petitioner's plea had the petitioner's trial counsel performed                                                  adequately.

*Sweat II*, 2022 WL 17971971 at *6, *quoting Clarke v. State*, 974 N.E.2d 562, 564-65 (Ind. Ct. App. 2012).

In *Payne v. Brown*, 662 F.3d 825, 828 (7th Cir. 2011), the Seventh Circuit criticized *Segura*'s understanding of prejudice in this context and pointed instead to the standard set in *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985), which held that a defendant who "contends that ineffective assistance of counsel induced

him to plead guilty establishes 'prejudice' by demonstrating that, but for counsel's errors, he would have insisted on a trial." *Id.*

Applying *Segura,* the Indiana Court of Appeals held that Mr. Sweat had not been prejudiced by his counsel's performance because he chose to proceed with the plea even after he knew that he would accrue credit time at a slower rate and because his plea led to a sentence which was approximately 150 years less than his maximum sentencing exposure. *Sweat II*, 2022 WL 17971971 at *7.

Although the state court recited the *Segura* standard rather than the *Hill* standard, its analysis was a reasonable application of *Hill* and its progeny. "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010).

Mr. Sweat was informed on the record that he would earn credit time at a slower rate than day for day. Trial Tr., dkt. 10-6 at 17. He decided to continue with the guilty plea without requesting additional details about how quickly he would accrue credit time. In addition, the evidence against him was strong (including communications between him and both victims), and he received a drastically lower sentence through his plea agreement than the maximum sentence he would have faced had he been convicted at trial. Under the circumstances Mr. Sweat faced, it would not have been rational to reject the plea offer. The state court's application of federal law was not unreasonable, and

Mr. Sweat is not entitled to relief on this ground.[1]

## B. Trial Court's Denial of Mr. Sweat's Motion to Withdraw Guilty Plea

Mr. Sweat next claims that the state trial court abused its discretion when it denied his motion to withdraw his guilty plea. Dkt. 1 at 8. The respondent argues that this claim is a non-cognizable state law claim. Dkt. 11 at 12-13. "Errors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (cleaned up).

In reviewing the denial of Mr. Sweat's motion for an abuse of discretion, the Indiana Court of Appeals applied Indiana Code § 35-35-1-4(b), which governs motions to withdraw guilty pleas. *Sweat I*, 2020 WL 2609930 at *2. Ultimately, the court considered whether Mr. Sweat's plea was offered freely and knowingly and concluded that it was: "Sweat pleaded guilty knowing that his credit time was going to be some measure slower than one-for-one, and he was not so concerned about the precise rate of accrual that he wanted to inquire further

---

[1] Respondent focuses his argument on *res judicata* as an independent and adequate state law ground, and Mr. Sweat attempts to argue that he should be allowed to overcome procedural default of this claim based on *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 423 (2013). Dkt 2 at 10-14. But those two cases allow a petitioner to rely on *post-conviction* counsel's ineffectiveness to excuse a procedural default in Indiana state court. The effectiveness of Mr. Sweat's post-conviction counsel is not at issue here. Furthermore, the state appellate court decided Mr. Sweat's claim on both grounds—first that "the post-conviction court did not err in determining that Sweat's post-conviction claim may rightfully be disposed of by the principles of *res judicata*," and second that he was not prejudiced by trial counsel's misadvice. *Sweat II*, 2022 WL 17971971 at *5, *7. Thus, this Court bypasses the question of procedural default altogether because the merits of the claim can be addressed more easily. *See Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010) (holding that because the procedurally defaulted claims lacked merit, the Court could bypass a "difficult" actual innocence claim and address the defaulted claims on the merits); *see also Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (declining to address whether certain claims were procedurally defaulted because, "[i]n the interest of judicial economy, . . . the case may be more easily and succinctly affirmed on the merits").

before continuing with his plea agreement." *Id.* at *3. Thus, the trial court did not abuse its discretion. *Id.*

"[T]he Constitution prohibits a court from accepting a criminal[] defendant's guilty plea 'without an affirmative showing that it was intelligent and voluntary.'" *Dansberry v. Pfister,* 801 F.3d 863, 864 (7th Cir. 2015) (quoting *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  Mr. Sweat, however, moved to withdraw his plea only under Indiana code section 35-35-1-4. Dkt. 10-2 at 54-55. That statute allows a defendant to withdraw his guilty plea for any "fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea" and is subject to abuse-of-discretion review. Ind. Code § 35-35-1-4(b). When he appealed the denial of his motion, he did not cite any federal precedent or otherwise indicate in any way that he was presenting a federal constitutional claim. Brief of Appellant, dkt. 11-4.[2]

"[A] petitioner must 'fairly present' his constitutional claims through at least one complete round of the state's established appellate review process before presenting the claims to a federal court for habeas review." *Hicks v. Hepp,* 871 F.3d 513, 530 (7th Cir. 2017) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)). A habeas petitioner who fails to exhaust his claims in state court has procedurally defaulted those claims. *Id.* Thus, to the extent Mr. Sweat could have brought a federal claim regarding the voluntariness of his plea, such claim

---

[2] Nor does his federal petition frame this ground for relief constitutionally. Instead, Mr. Sweat couches his claim in abuse-of-discretion terms and does not cite any federal precedent that required withdrawal. Dkt. 1 at 4.

is procedurally defaulted.[3]  And his state law claim is non-cognizable. *Samuel*, 525 F.3d at 57. Thus, he is not entitled to relief on this ground.

### IV.
### Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017).  Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim

---

[3] Mr. Sweat did not allege in either his state or federal post-conviction petitions that his direct appeal counsel was ineffective for failing to raise a federal claim that his plea was not voluntary. Nor does he argue that his post-conviction counsel was ineffective for this failure. *See* dkt. 2 at 10-14 (focusing his Martinez/Trevino argument on his ineffective assistance of trial counsel claim, not on his claim that the trial court abused its discretion in denying his motion to withdraw his plea). But even if Mr. Sweat overcame the procedural default of this claim, he would not be entitled to relief. He affirmed that his plea was knowing, intelligent, and voluntary on the record. Guilty Plea Transcript, dkt. 10-6 at 12-15. He then acknowledged that he would be accruing good credit time at a slower than day-for-day pace and decided to proceed with his guilty plea without seeking additional clarification. *Id.* at 16-17. Nothing about his plea violated the Constitution. *Boykin*, 395 U.S. at 242.

and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could disagree that Mr. Sweat's claims were either procedurally defaulted or were denied by the Indiana Court of Appeals based on a reasonable application of federal law. Therefore, a certificate of appealability is **denied**.

## V.
## Conclusion

Mr. Sweat's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue. Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 4/27/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

14